UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YURI SHYSHKO AND NATALIYA SHYSHKO,
INDIVIDUALLY AND AS LEGAL GUARDIANS
& NATURAL PARENTS ON BEHALF OF
TARAS SHYSHKO, AN INFANT UNDER THE
AGE OF EIGHTEEN (18); VLADIMIR SHYSHKO,
ANDREW SUNDBERG,

                        Plaintiffs,

                                                                                  DECISION AND ORDER
       -v-                                                                07-CV-6122 CJS

COUNTY OF MONROE, MONROE COUNTY
SHERIFF'S DEPARTMENT, PATRICK O'FLYNN,
SHERIFF OF THE MONROE COUNTY SHERIFF'S
DEPARTMENT, IN HIS OFFICIAL CAPACITY &
DEPUTY JASON SUROWY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, AND DEPUTY
J. CAVE, IN HIS INDIVIDUAL & OFFICIAL
CAPACITY,

                        Defendants.
_____

## INTRODUCTION

This is an action in which plaintiffs are asserting a variety of claims including assault & battery, false imprisonment, intentional infliction of emotional distress, and violation of constitutional rights under 42 U.S.C. § 1983. Now before the Court is a motion [#9] by defendants, to dismiss the Amended Complaint [#8], pursuant to Rules 8(a)(2), 8(e)(1) of the Federal Rules of Civil Procedure ("FRCP"), and alternatively, for a more definite statement pursuant to FRCP 12(e). For the reasons that follow, the application is denied in all respects.

## BACKGROUND

This case arises from an incident on December 10, 2005, when defendant

1

Jason Surowy ("Surowy"), a Monroe County Sheriff's Deputy, arrested plaintiffs at the Shysko residence in Penfield, New York. According to the Amended Complaint in this action, on that date, Surowy, acting in his capacity as a Monroe County Sheriff's Deputy, barged into the Shysko residence, assaulted plaintiffs, and placed them under arrest, all without any legal justification. Plaintiffs also allege that, after they commenced this action, Surowy, defendant J. Cave, and others, conspired to intimidate them with harassment.

The Amended Complaint is 97 pages long, however, that number is somewhat misleading because the complaint is double-spaced, and in some cases, triple-spaced, with wide margins. Within its 97 pages, the Amended Complaint contains 415 numbered paragraphs, consisting, generally, of 20 paragraphs of introductory allegations, 46[1] paragraphs of allegations on behalf of each individual plaintiff, and 15 paragraphs of allegations on behalf of all of the plaintiffs. The Amended Complaint purports to allege eight separate causes of action on behalf of each individual plaintiff, including assault/battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of constitutional rights under 42 U.S.C. § 1983, and three types of claims for vicarious liability against Monroe County. The Amended Complaint also purports to allege, on behalf of the plaintiffs collectively, a claim for conspiracy under 42 U.S.C. § 1985(2) and a claim for "failure to act," under 42 U.S.C. § 1986.

On June 12, 2007, defendants filed the subject motion to dismiss. In support of

---

[1] This number varies between 46 and 48 for the various plaintiffs.

their application defendants contend, *inter alia*, that the Amended complaint: 1) "is unnecessarily prolix and puts and undue burden on the Court and the defendants"; 2) "pleads excessive and unnecessary facts"; 3) "is needlessly repetitive"; 4) "contains confusing allegations"; and 5) "is so rambling, evidentiary, argumentative, repetitive and vague, that the defendants are unable to frame their answer." (Def. Memo of Law [#9-2]).

## ANALYSIS

Defendants contend that the complaint should be dismissed because it is not short or plain. As to that, FRCP 8 provides, in relevant part, that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." FRCP 8(a)(2) & (e)(1). The Second Circuit has indicated that motions to dismiss under Rule 8 are not to be granted lightly:

> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, see Fed.R.Civ.P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1281, at 366-67; 2A MOORE'S FEDERAL PRACTICE ¶ 8.13, at 8-81 to 8-82 n. 38.

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, it is clear that a court cannot impose a pleading standard that is higher than what Rule 8 requires. *See, e.g., Iqbal v. Hasty*, — F.3d — , 2007 WL 1717803 at *7 (2d Cir. 2007) ("[C]ourts cannot

3

impose heightened pleading standards in the absence of statutory authorization.")

Alternatively, defendants maintain that plaintiffs should be required to provide a more definite statement. As to that, FRCP 12(e) provides, in relevant part, that

> [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

FRCP 12(e). A motion under Rule 12(e) should only be granted where "a pleading fails to specify the allegations in a manner that provides sufficient notice" of the party's claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998 (2002). As with motions under Rule 8, motions under Rule 12(e) are not to be granted lightly:

> The essence of a complaint is to inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose. Rule 12(e) allows a party to move for a more definite statement if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. The Rule is designed to remedy unintelligible pleadings, not to correct for lack of detail. A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. Motions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.

*See, In re Methyl Tertiary Butyl Ether (""MTBE") Products Liability Litigation*, 233 F.R.D. 133, 134 -135 (S.D.N.Y. 2005) (footnotes and internal quotation marks omitted).

Applying the foregoing principles of law, the Court finds that the Amended Complaint cannot be dismissed for the reasons urged by defendants. The complaint,

although lengthy, owing to the number of parties and the number of claims, is not confusing, ambiguous, vague, or unintelligible.

## CONCLUSION

Defendants' application [# 9] is denied in its entirety.

So Ordered.

Dated: Rochester, New York
      July 9, 2007    ENTER:

          /s/ Charles J. Siragusa
          CHARLES J. SIRAGUSA
          United States District Judge